IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STEVEN CHARLES TINSLEY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | Civil No. **05-224-JPG** |
| | ) | |
| **S. REVELL,** | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Petitioner Steven Charles Tinsley was sentenced on December 22, 2004, to 13 months imprisonment for violating the terms of his supervised release. **(Doc. 1, pp. 10-12;** *U.S. v. Tinsely***, 95-CR-34 (N.D.Ill. Dec. 22, 2004).** The Judgment and Commitment reflects that U.S. District Judge Suzanne B. Conlon specified that Tinsley was "not to receive credit for any time spent in custody prior to December 22, 2004." **(Doc. 1, p. 12).** Tinsely was sent to the Federal Correctional Institution in Greenville, Illinois, in the Southern District of Illinois, to serve his brief sentence. Tinsely filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that by law he should have received credit for time spent in federal pretrial custody, from approximately October 21, 2004, through December 12, 2004, or alternately through the date of sentencing, December 22, 2004. **(*See* Doc. 1, p. 9).** Petitioner cites 18 U.S.C. § 3585(b), which provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the

1

sentence commences."

Respondent argues that petitioner Tinsley has failed to exhaust administrative remedies prior to filing his Section 2241 petition, noting that a motion to set aside or correct the sentence was pending before Judge Conlon at the time the subject petition was filed. **(Doc. 7).** Tinsley, who concedes that he has not exhausted administrative remedies **(Doc. 1, p. 5)**, argues that pursuing administrative remedies in this situation is futile because the Bureau of Prisons cannot alter the Court order, and the administrative process would take too long. **(*See* Doc. 1, p. 5, Doc. 9, pp. 2-3).** Respondent filed a supplemental answer noting that briefing of the motion before Judge Conlon had been completed **(Doc. 8)**, but Respondent never alerted the Court to the outcome of that motion.

This petition must fail because Section 2241 is the wrong mechanism to correct the actual sentence. Furthermore, the matter appears to be moot.

As petitioner Tinsely acknowledges, the Bureau of Prisons cannot alter Judge Conlon's sentencing order. Thus, it is not the computation of the sentence that is at issue, but the actual terms of the sentence.

> Section 2255 is the proper vehicle for collaterally attacking the validity of a conviction and sentence. Judicial review pursuant to 28 U.S.C. § 2241, in contrast, provides the appropriate mechanism in a claim concerning the computation of a sentence. *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir.1991); *United States v. Miller,* 871 F.2d 488, 490 (4th Cir.1989); *United States v. Ford,* 627 F.2d 807, 813 (7th Cir.1980), certiorari denied, 449 U.S. 923, 101 S.Ct. 324, 66 L.Ed.2d 151. Such review is obtainable, however, only after a prisoner exhausts administrative remedies. *United States v. Brumbaugh,* 909 F.2d 289 (7th Cir.1990).

***Carnine v. U.S.*, 974 F.2d 924, 927 (7th Cir. 1992).** A challenge to a sentence must be raised on direct appeal or brought pursuant to a petition for writ of habeas corpus under 28 U.S.C. § 2255,

not Section 2241.  *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Allen v. United States,* 175 F.3d 560, 563 (7th Cir. 1999); *Martin v. United States,* 109 F.3d 1177, 1178 (7th Cir. 1996).  Therefore, petitioner should have utilized a direct appeal or 28 U.S.C. § 2255, not Section 2241.

Petitioner's motion to alter his sentence was filed pursuant to Federal Rule of Criminal Procedure 35.  **(*See* Doc. 7-3; and *U.S. v. Tinsely*, 95-CR-34, Doc. 81 (N.D. Ill. August 8, 2005)).**  That motion was pending when this petition was filed.  That motion was ultimately found to be untimely, making either an appeal under Federal Rule of Appellate Procedure 4(b) or a Section 2255 petition the appropriate means of attack.  Even if the time for an appeal had passed, a Section 2255 petition remained an option.  Petitioner has not argued that Section 2255 was inadequate or ineffective, so Section 2241 is not an option.  *See 28 U.S. C. § 2255 ¶ 5; Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007).  A Section 2255 motion is properly brought in the Court that imposed the sentence, which in this situation is the U.S. District Court for the Northern District of Illinois.  **28 U.S.C. § 2255.**

With all that said, petitioner Tinsley was sentenced to 13 months imprisonment, which has long since passed.  The Bureau of Prisons' Inmate Locator (www.bop.gov) indicates petitioner Tinsley, Register No. 04815-424, was released December 1, 2005.  Therefore, the subject petition appears to be moot.

### Recommendation

For the aforestated reasons, petitioner Steven Charles Tinsley's Section 2241

petition for writ of habeas corpus should be denied in all respects.

**DATED: July 29, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 15, 2008.**